IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DION A. BECKER,<br><br>　　　Plaintiff, | MEMORANDUM DECISION AND<br>ORDER ON ADMINISTRATIVE<br>APPEAL |
| 　　　vs. | |
| JO ANNE B. BARNHART, Commissioner of<br>the Social Security Administration,<br><br>　　　Defendant. | Case No. 2:05-CV-397 TS |

　　　This matter came before the Court for oral argument on July 11, 2006, on Plaintiff's

appeal of Defendant's administrative decision which denied his application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI").  At the close of

the hearing, the Court took this matter under advisement.  Having considered the arguments of

counsel, the briefs submitted by the parties, the materials in the file, and being otherwise fully

informed, the Court will affirm the decision of the Administrative Law Judge ("ALJ") for the

reasons discussed below.

## I.  STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1]  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[2]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[4]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[5]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[6]

## II.  DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability.[7]  The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the

---

[1]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2]*Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[3]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th  Cir. 1996).

[4]*Id.*

[5]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[7]*See* 20 C.F.R. § 404.1520(a)-(f).

criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work.  The burden is on the Plaintiff to meet the first four steps.  However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs, existing in a significant number in the national ecomony, which Plaintiff is capable of performing.

In the present case, the ALJ found, at step one, that Mr. Becker had not engaged in substantial gainful activity since the date he alleged he became disabled and, at step two, that he suffered from severe impairments.  At step three, the ALJ found that Mr. Becker's condition did not meet or equal any listed impairment.  At step four, the ALJ found that Plaintiff could not return to his past work.  Finally, the ALJ found that Becker could perform a significant range of sedentary work and, therefore, found that he was not disabled.  The ALJ's findings at steps one, two, and four are not in dispute in this appeal.

Plaintiff raises three issues in this appeal: (1) whether the ALJ made appropriate findings regarding whether Mr. Becker's conditions meet or equal a listed impairment; (2) whether the ALJ properly considered Mr. Becker's admitted alcohol abuse; and (3) whether the ALJ's credibility determination is legally sufficient and supported by the evidence.

A.    WHETHER THE ALJ MADE APPROPRIATE FINDINGS REGARDING WHETHER
       MR. BECKER'S CONDITIONS MEET OR EQUAL A LISTED IMPAIRMENT

Under the third step of the process for determining disability, the ALJ must determine whether the claimant's impairment meets or equals a listed impairment.  Plaintiff contends that

the ALJ failed to provide an adequate explanation for the conclusion that his condition does not meet or equal any listed impairment.

When an ALJ arrives at a conclusion unfavorable to the plaintiff, the ALJ must discuss evidence supporting her decision and give the reason or reasons for finding that the claimant is not disabled.[8]  While the ALJ must *consider* all of the evidence in arriving at a decision, a *discussion* of all the evidence is not required.[9]  However, merely giving a summary conclusion is not sufficient.[10]

In *Fischer-Ross*,[11] the Tenth Circuit clarified its holding in *Clifton*.  *Fischer-Ross* addressed the issue of whether *Clifton* requires reversal where the ALJ has made a terse step three consideration, but the ALJ's determinations at step four and five "alleviates *any* concern that a claimant might have been adjudged disabled at step three."[12]  The Tenth Circuit held that reversal in such situations was not required.[13]  The Tenth Circuit held "that an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not met or equal any listed impairment."[14]  "Neither

---

[8]*Clifton*, 79 F.3d at 1009.

[9]*Id*. (emphasis added).

[10]*Id*.

[11]*Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005).

[12]*Id*. at 730.

[13]*Id*.

[14]*Id*. at 733.

*Clifton's* letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review."[15]  The Tenth Circuit went on to conclude in that case that the ALJ's findings at step four and five supported the ALJ's determination that the claimant's condition did not meet or equal a listed impairment and, thus, remand was unnecessary under *Clifton*.[16]

At the outset of her opinion, the ALJ notes that she made her decision "upon reviewing all evidence of record."[17]  In finding that Plaintiff's condition did not meet or equal a listed impairment, the ALJ noted that "[s]pecial review has been given to sections 12.04 and 12.09 of the Listing of Impairments, Appendix 1, Regulations No. 4." [18] The ALJ set out the criteria for these listings.  The ALJ then concluded "that the written evidence and the credible testimony do not meet these criteria." [19] The ALJ found support for these conclusion in the description of medical evidence and the discussion of the testimony.[20]

The Court finds that while the ALJ's discussion of whether Plaintiff meets or equals a listed impairment is not ideal, the ALJ did not err in making her determination.  Importantly, the

---

[15]*Id*. at 734.

[16]*Id*. at 735.

[17]R. at 19.

[18]*Id*. at 22.

[19]*Id*. at 23.

[20]*Id*.

ALJ's determination at step three is supported by her findings at the other steps of the sequential process.[21]

At step four of the sequential process, the ALJ made a detailed RFC assessment[22] and found that Plaintiff had the RFC to perform the full range of sedentary unskilled work, with certain limitations.[23]  In making this determination, the ALJ "carefully reviewed all exhibits and weighed and compared the testimony with all other evidence."[24]  The ALJ's finding at step four is not in dispute in this appeal.[25]  Further, at step five of the sequential process, the ALJ, relying on the testimony of the Vocational Expert, concluded that "occupations exist in significant job numbers in the national economy which the claimant is capable of performing and that the claimant is therefore 'not disabled' under step five of the sequential evaluation."[26]  While this finding is in dispute, the Court finds that it is supported by substantial evidence.  Thus, the Court will affirm the ALJ's finding that Plaintiff's conditions do not meet or equal a listed impairment.

B.    WHETHER THE ALJ PROPERLY CONSIDERED MR. BECKER'S ADMITTED
       ALCOHOL ABUSE

Plaintiff alleges that the ALJ failed to follow the appropriate analysis in assessing the impact of his alcohol abuse on his impairments.  The Act precludes an award of disability

---

[21]*Fischer-Ross*, 431 F.3d at 733.

[22]R. at 25–26.

[23]*Id*. at 25.

[24]*Id*.

[25]Docket No. 17, at 9.

[26]R. at 27.

benefits for disabilities resulting from drug addiction or alcoholism.[27]  "Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commission would still find the claimant disabled if he or she stopped using drugs or alcohol."[28]  "Under this regulation, the ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling."[29]

The Tenth Circuit, in *Drapeau*, established the analysis the Commissioner is to use in making this determination.   "The Commissioner must first make a determination that the claimant is disabled."[30]  The Commissioner "must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol."[31]  "If so, then the alcohol abuse is not a contributing factor material to the finding of disability."[32]  "If, however, the claimant's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability."[33]  The Tenth Circuit

---

[27]42 U.S.C. § 423(d)(2)(C).

[28]*Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (citing 20 C.F.R. § 416.935(b)(1)).

[29]*Id*.

[30]*Id*.

[31]*Id*.

[32]*Id*. at 1214–15.

[33]*Id*. at 1215.

has stated that the ALJ cannot begin to apply § 423(d)(2)(C) when she has not yet made a finding of disability.[34]

In this case, the ALJ found that Plaintiff was not disabled.[35]  The ALJ went on to state, however, that "[d]rug and/or alcohol use is a contributing factor material to the determination of claimant's disability in accordance with section 105 of Public Law 104-121."[36]  Plaintiff argues that the ALJ found him to be disabled, but failed to comply with the standard set forth in *Drapeau*, and, as a result, the case must be remanded.  Plaintiff conceded at oral argument that, if the ALJ were to find that Plaintiff was not disabled, that the ALJ need not conduct the further analysis under *Drapeau*.  The Commissioner argues that the ALJ implicitly found that Plaintiff was initially disabled and that the ALJ did comply with the standard set forth in *Drapeau*.

The Court finds that Plaintiff's reliance on *Drapeau* is misplaced.  The ALJ never found Plaintiff to be disabled.  Rather, the ALJ specifically found Plaintiff was not disabled.  In a similar case, the Tenth Circuit held that *Drapeau* did not apply where the ALJ found the plaintiff to be not disabled.[37]  There, the court held that remand to an ALJ for additional findings concerning plaintiff's drug use was improper.[38]  The court noted that "the ALJ found the claimant to be not disabled, so there need be no additional finding on whether she would still be disabled

---

[34]*Id*.

[35]R. at 28.

[36]*Id*.

[37]*Tower v. Barnhart*, 89 Fed.Appx. 186, 189 (10th Cir. 2004) (unpublished opinion).

[38]*Id*.

if she stopped abusing drugs."[39]  Similarly, here, the ALJ found Plaintiff to be not disabled.

Thus, there is no need for remand to determine if Plaintiff would still be disabled if he stopped

using alcohol.  The Court is perplexed, however, by the ALJ's decision to include language in

her decision that Plaintiff's alcohol use was material to the determination of his disability.

However, this language does not mandate remand.  Therefore, the Court finds that the ALJ

applied the correct legal standard and will not remand on this ground.

In addition, Plaintiff's counsel, during oral argument, argued that, in his opinion,

Defendant was disabled and that there was no reasonable explanation for the ALJ's

determination otherwise.  Plaintiff's counsel opined that the ALJ may have made his decision

based on her view that Plaintiff was an alcoholic.  The Court views this argument as an invitation

for this Court to re-weigh the evidence and to substitute its own judgment for that of the ALJ's.

This is something the Court will not and cannot do under the standards set forth above.[40]  Absent

some evidence of misconduct by the ALJ, the Court cannot presume that she acted improperly.

C.    WHETHER THE ALJ'S CREDIBILITY DETERMINATION IS LEGALLY
      SUFFICIENT AND SUPPORTED BY THE EVIDENCE

The Plaintiff asserts that the ALJ erred in finding that he was not a credible witness.  The

ALJ's finding of a lack of credibility must be supported by substantial evidence.[41]  "'Substantial

evidence' requires 'more than a scintilla, but less than a preponderance,' and is satisfied by such

---

[39]*Id.*

[40]*Qualls*, 206 F.3d at 1372.

[41]*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

relevant 'evidence that a reasonable mind might accept to support the conclusion.'"[42]  An ALJ's "credibility determinations are peculiarly the province of the finder of fact, and [the reviewing court] will not upset such determinations when supported by substantial evidence."[43]

The ALJ found that "the claimant's subjective complaints regarding his symptoms and limitations do not rise to a level of persuasiveness to overcome the evidence that shows that claimant has used alcohol in a way that contributes to the determination of disability."[44]  As a result, the ALJ discounted "the claimant's subjective symptom complaints and their alleged functional effect in determining such are not totally disabling, either singly or in combination."[45]

The ALJ cited a number of factors which conflict with Plaintiff's claim for total disability.  The ALJ found that Plaintiff did not appear or sound totally disabled from his testimony; that Plaintiff testified that he could stand for 15 minutes at a time, walk for 30 minutes, sit for 30 minutes, and write up to two pages at a time.  The ALJ noted that Plaintiff testified that he heard voices at the hearing, but that they did not seem to affect his ability to participate in the hearing.  The ALJ found that Plaintiff could hear, concentrate, and understand, and that he did not have a problem answering questions.  The ALJ found Plaintiff to be quite articulate, used good vocabulary, and was very intelligent.  The ALJ also noted that he had

---

[42]*Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted); *see also White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

[43]*Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995).

[44]R. at 25.

[45]*Id*.

performed daily activities the day before the hearing and that he did not totally preclude a hypothetical telemarketer position.

In making her determination on credibility, the ALJ weighed and compared Plaintiff's testimony with all other evidence.  The Court finds that the ALJ's conclusions were based on "more than a scintilla" of evidence.  Therefore, the Court finds that the ALJ's finding of lack of credibility is supported by substantial evidence and, as such, will not disturb the determination of the finder of fact in this respect.

### III.  CONCLUSION

Having made a thorough review of the entire record, the Court finds that the ALJ's evaluation and ruling is supported by substantial evidence.  Therefore, the Commissioner's findings must be affirmed.  Further, the Court finds that the ALJ applied the correct legal standard in determining that Plaintiff did not have a disability within the parameters of 20 C.F.R. § 404.1520 (a)-(f).

For the reasons just stated, the Court hereby AFFIRMS the decision below.  The Clerk of the Court is directed to close this case.

DATED   July 13, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

11